UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD, <br><br>  Plaintiff, <br><br>  v. <br><br> AUDREY KING, <br><br>  Defendant. | Case No.: 1:16-cv-01453-SAB (PC) <br><br> ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO TERMINATE ACTION <br><br> [ECF No. 1] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 24, 2016. Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed September 23, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names the Executor Director for Coalinga State Mental Hospital, Audrey King, as the sole Defendant in this action.

In July 2010, Plaintiff was evaluated by two psychologists who determined that Plaintiff qualified as a Sexual Violent Predictor and was "insane". The evaluations were thereafter sent to the District Attorney's Office. Plaintiff was sent to the Coalinga State Mental Health Hospital pending trial under the Sexually Violent Predator Act (SVPA). The civil commitment court ultimately dropped the SVPA case and Plaintiff was released back into the community.

Plaintiff did not want to leave Coalinga State Mental Hospital because he was afraid he could not control himself. Three weeks after Plaintiff was released, he was arrested for two counts of annoying or molesting a child under the age of eighteen (Cal. Penal Code § 647.6) and sentenced to

two 25-year-to-life terms.  Plaintiff contends that he was denied the proper mental health care prior to his release back into the community without a further determination as to Plaintiff's sanity.

Plaintiff seeks to be placed back at Coalinga State Mental Hospital for further treatment and compensation for his pain and suffering.

## III.

## DISCUSSION

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  "[R]elief is available to a prisoner under the federal habeas statute … if success on the claim would 'necessarily spell speedier release' from custody, which . . . include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody."  Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015) (quoting Skinner v. Switzer, 562 U.S. 521, 534 (2011)).

Plaintiff is seeking to challenge the constitutionality of his conviction and/or his custody rather than the conditions of his confinement.  In order for Plaintiff to be placed back into civil commitment at Coalinga State Mental Hospital, it would have to be determined Plaintiff's present conviction is invalid.  Thus, Plaintiff's claim effectively challenges his current custody and release therefrom which cannot be raised by way of a section 1983 complaint.  Plaintiff must file a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Furthermore, this case is duplicative of a previous case Plaintiff filed in this district in case number 2:13-cv-00591-AC (PC), Darren Ford v. State of California.[1]   There, as here, Plaintiff claimed that Coalinga State Mental Hospital should never have released him after

---

[1] See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take **Error! Main Document Only.**judicial notice of court records in other cases).

dropping the charges of being a sexually violent predator and sought return to the mental hospital. (See 2:13-cv-00591-AC, ECF No. 7.)  By order filed June 21, 2013, the Court dismissed Plaintiff's complaint as frivolous because Plaintiff challenged the constitutionality of his conviction, not the conditions of his confinement.  (Id.)

Accordingly, Plaintiff's complaint must be dismissed for failure to state a cognizable claim for relief under section 1983.  Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that the complaint is dismissed for failure to state a cognizable claim for relief and the Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: __March 3, 2017__

UNITED STATES MAGISTRATE JUDGE

4